**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4365**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BRONSON JERMAINE GAINEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00336-WO-1)

_____

Submitted:  February 10, 2022                  Decided:  March 7, 2022

_____

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**: Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bronson Jermaine Gainey appeals from the revocation of his supervised release and the imposition of a 23-month sentence of imprisonment. On appeal, Gainey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but challenging the reasonableness of Gainey's revocation sentence. Neither Gainey nor the Government has filed a brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). This court "first consider[s] whether the sentence imposed is procedurally or substantively unreasonable." *Webb*, 738 F.3d at 640. Only if the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id.* (internal quotation marks omitted). We generally employ the same procedural and substantive considerations that guides its review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at

2

207 (alteration and internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted).

In this case, the district court expressly addressed the § 3553(a) factors and the advisory Guidelines range. The court recognized Gainey's repeated breaches of trust and his failure to conform to supervision requirements even for a short time. Furthermore, the court expressly considered the necessity of deterrence and protection of the public, given Gainey's failure to be deterred by his prior supervised release terms. The court recognized Gainey's engagement in programs in prison but noted that his conduct before his conviction and while on supervision necessitated a prison sentence. Finally, the court gave Gainey a one-month reduction in sentence based upon his acceptance of responsibility. The court's explanation stated a proper basis for the sentence imposed, which was below both the applicable statutory maximum and the presumptively reasonable Guidelines range. For these reasons, the sentence was procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record and have found no nonfrivolous issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gainey, in writing, of the right to petition the Supreme Court of the United States for further review. If Gainey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gainey. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*